■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT PEACOCK, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered October 28, 1966, convicting him of burglary in the third degree and petit larceny, on a jury verdict, and imposing sentence. The appeal has brought up for review an order of said court dated June 16, 1966, which denied defendant's motion to suppress certain evidence. Action remitted to the Criminal Term for further proceedings not inconsistent herewith; and determination of appeal held in abeyance in the meantime. Defendant on February 11, 1966 was observed by a police officer to be in possession of a portable television set and a record player while standing at a street corner. He was asked by the officer for his identification and the source from which he had obtained the articles. He responded by saying that he had obtained them at a pawnshop; and he was unable to produce any identification. He was then taken by the officer to a station house for further investigation; after more interrogation he and two police officers went to the pawnshop, where it was ascertained that no record of any transaction involving the articles was in existence and that he was not known to the clerk. Upon return to the station house, defendant after further questioning admitted that he had removed the articles from an apartment. When the officers and defendant went to the apartment, it was found that the premises had been burglarized; and defendant said that he had broken into the apartment by use of a screwdriver. Later, the occupant of the apartment identified the articles at the police station as her property. Defendant was tried on July 13, 1966, subsequent to the decision in *Miranda* v. *Arizona* (384 U. S. 436), and hence his inculpatory statements, made without the warnings which *Miranda* requires, were inadmissible in evidence (*Johnson* v. *New Jersey,* 384 U. S. 719; *People* v. *McQueen,* 18 N Y 2d 337). In point of fact, defendant's statements were not used against him at the trial. He urges, however, that absent his statements the owner of the property (who testified at the trial) would not have been known and the identification of the articles seized could not have been made. In short, he argues that the proof against him at the trial was the tainted fruits of the illegally obtained statements. If, indeed, defendant's admissions were the source of the proof against him, we would hold, consistent with the *rationale* in the cases relating to the use of evidence proceeding from an illegal search and seizure, that the fruits of the unlawful conduct in eliciting the admissions without the mandated warnings were equally excluded (*People* v. *Rodriguez,* 11 N Y 2d 279, 286; *Smith* v. *United States,* 344 F. 2d 545; *United States* v. *Tane,* 329 F. 2d 848; *People* v. *Albea,* 2 Ill. 2d 317; *People* v. *Mickelson,* 59 Cal. 2d 448; see 41 ALR 2d 900). The record before us, however, is unclear whether in fact the owner of the property came forward voluntarily and without knowledge of defendant's arrest and inculpatory statements. In such an event her subsequent identification of the property seized and her complaint of the burglary were not derived from the unlawfully obtained statements and defendant's argument is without foundation (cf. *Wong Sun* v. *United States,* 371 U. S. 471, 487–488; *McLindon* v. *United States,* 329 F. 2d

238; *Smith* v. *United States,* 324 F. 2d 879). We remit the action, therefore, for the purpose of a hearing to determine whether the proof against defendant at the trial concerning the discovery of the burglary and the identification of the property by the owner arose as a necessary concomitant of defendant's inculpatory statements. Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., and Munder, J., dissent and vote to affirm, with the following memorandum: In our opinion, under the circumstances adduced at bar, the bare allegations of defendant, that the emergence of the complainant as a witness was solely attributable to the illegally obtained admissions and that her testimony was the tainted fruit of a poisonous tree, are insufficient to warrant the inquiry ordered by the majority, particularly when the complainant was not at home when defendant led the police there and, according to the testimony of Patrolman Seton-Harris at the suppression hearing, the complainant came to the station house between 3:00 and 3:30 P.M., approximately one hour thereafter, and reported a burglary. In any event, we are of the opinion that the "fruit of the poisonous tree" doctrine should not be strained so as to extend its exclusionary rule to a complaining witness such as the one at bar who, in the ordinary course of events, could be expected to have come forward voluntarily to report the burglary at her home independently of any police investigation allegedly precipitated by defendant's inculpatory illegally obtained admissions and without being prodded into doing so as might conceivably be necessary in the case of a recalcitrant witness who is not a victim of the crime (cf. *Smith* v. *United States,* 344 F. 2d 545, 547; *McLindon* v. *United States,* 329 F. 2d 238, 241, n. 2; *United States* v. *Tane,* 329 F. 2d 848, 853). It is our view that to extend the exclusionary rule to the testimony of such complainant would tend to undermine the doctrine's primary design to protect the innocent and relegate it to the less commendable function of providing technical loopholes for the benefit of the guilty. To subscribe to this would be to discourage and frustrate thorough and expeditious investigations, lest the authorities find themselves the victims of their own efficiency.